**FILED**

MAR 13 2008
Mar 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



*For Appointed Judge on this particular case. Thank you*

BR

October 26, 2007

EXHIBITS

To:    All Cook County Department of Corrections Detainees

From:  The Office of the Executive Director

Re:    Co-Payment for Services

Due to increased usage of our security and program resources towards medical services delivery, we are compelled to require co-payment for services rendered to the detainee population in accordance with state law 730ILCS125/20.

Effective December 1, 2007, detainees will be required to pay a $10.00 per visit Hospitalization Fee for all transports to outside hospitals, clinics or any other medical facility for health care services.

All funds collected through this fee will be deposited into the Inmate Welfare Fund and will be processed specifically for medical expenses to purchase medical supplies and services to include the prospect of contracting for a Medical Services Advocate for the detainee population.

08CV1512
JUDGE LEINENWEBER
MAGISTRATE JUDGE COLE

*[Handwritten across top: "For Appointed A Judge"]*

**COUNTY JAIL ACT**　　　　　　　　　　　**730 ILCS 125/20**
Note 4

confined persons the expenses incurred by their confinement. Such funds recovered shall be paid into the county treasury.

P.A. 83–1073, § 20, eff. July 1, 1984. Amended by P.A. 89–676, § 5, eff. Aug. 14, 1996. Formerly Ill.Rev.Stat.1991, ch. 75, ¶ 120.

### 2. Vicarious liability *[handwritten: Judge]*

Sheriff is county officer and is not in employment relationship with county, and thus county could not be held vicariously liable, under doctrine of respondeat superior, for sheriff's alleged negligent conduct in failing to provide medical treatment to county jail inmate who subsequently died. Moy v. County of Cook, 1994, 203 Ill.Dec. 776, 159 Ill.2d 519, 640 N.E.2d 926, rehearing denied.

If the prisoner is in the county's custody, the county is responsible for the medical expenses incurred on behalf of the prisoner regardless of whether the medical services were required as a result of a preexisting medical condition. 1996 Op.Atty.Gen. No. 96–014. *[handwritten: For Judge]*

Although counties may seek reimbursement and initiate a civil action to recover costs of medical services, they do not possess the power to authorize a sheriff to seize a prisoner's commissary account to reimburse the county for medical expenses incurred on the prisoner's behalf. 1996 Op.Atty.Gen. No. 96–014. *[handwritten: Judge]*

### 2. Medical expenses *[handwritten: For Judge]*

Under ¶¶ 19 and 24 of former chapter 75 sheriff, as keeper of jail, was entitled to recover from county money necessarily expended by him for attending sick prisoners. La Salle County v. Milligan, 1892, 32 N.E. 196, 143 Ill. 321.

Although counties may seek reimbursement and initiate a civil action to recover costs of medical services, they do not possess the power to authorize a sheriff to seize a prisoner's commissary account to reimburse the county for medical expenses incurred on the prisoner's behalf. 1996 Op.Atty.Gen. No. 96–014. *[handwritten: Judge]*

Fact that ch. 38, ¶ 1003–14–2 provides that department of corrections retains custody of persons on parole did not relieve county having physical custody and control of arrested parolee of responsibility for payment of hospitalization expenses for injuries sustained by parolee during course of his arrest by city policeman. 1975 Op.Atty.Gen. No. S.887. *[handwritten: Judge]*

County sheriff was not "agent" of county as regards his operation, staffing and administration of county jail, so that county could not be held vicariously liable for acts and omissions of sheriff in performing such duties, where county had no authority or control in such areas, which were committed to authority of county sheriff, and for which sheriff answered only to electorate. Moy v. County of Cook, App. 1 Dist.1993, 185 Ill.Dec. 131, 244 Ill.App.3d 1034, 614 N.E.2d 265, appeal allowed 190 Ill.Dec. 893, 152 Ill.2d 562, 622 N.E.2d 1210, affirmed 203 Ill.Dec. 776, 159 Ill.2d 519, 640 N.E.2d 926, rehearing denied. *[handwritten: Your Honor]*

ing the costs to the county for an inmate's medical care.

### Journal Commentaries

Prison reimbursement statutes: Trend toward requiring inmates to pay their own way. 44 Drake L.Rev. 325 (1996).

### Notes of Decisions

Under ¶¶ 3 and 24 of former chapter 75 county board might pay to sheriff, on his rendering account therefor, salary of assistant jailer; in the exercise of a reasonable discretion the county board might make an allowance for additional assistants for the sheriff and make an allowance therefor from the county treasury, and where the board pays an assistant jailer upon an account rendered by the sheriff, the sheriff or his sureties was not liable for the amount so voluntarily paid. People, to Use v. Foster, 1890, 23 N.E. 615, 133 Ill. 496.

Under ¶¶ 3 and 24 of former chapter 75 county board might pay to sheriff on his rendering account therefor, salary of assistant jailer. People, to Use v. Foster, 1890, 23 N.E. 615, 133 Ill. 496.

Sheriff himself, and not deputy or assistant jailer appointed by sheriff, is authorized to demand from, and to sue, county for moneys expended in maintenance of prisoner. Scott County v. Drake, 1897, 71 Ill.App. 280.

Under ¶ 24 of former chapter 75 (repealed; see, now, this paragraph) sheriff of county, as keeper of jail, was not entitled to be reimbursed out of county treasury for money paid out by him for services of assistant jailer, except as expressly provided by law. Goff v. Douglas County, 1890, 32 Ill.App. 145, affirmed 132 Ill. 323, 24 N.E. 60.

The keeper of a jail appointed by the sheriff at a certain rate of wages per month, promised by the sheriff, could not recover on his claim for wages from county, but was required to look solely to sheriff who employed him. Seibert v. Board of Sup'rs of Logan County, 1872, 63 Ill. 155.

### 4. Authority of county board

Under ¶ 24 of former chapter 75 (repealed) county board was vested with absolute control of determining amount of compensation to be paid sheriff for his personal services, and amount of money he might be authorized to expend on account of county for procuring assistance in executing his official duties. Goff v.

Douglas County, 1890, 32 Ill.App. 145, affirmed 132 Ill. 323, 24 N.E. 60.

**5. Vicarious liability**

Sheriff is county officer and is not in employment relationship with county, and thus county could not be held vicariously liable, under doctrine of respondeat superior, for sheriff's alleged negligent conduct in failing to provide medical treatment to county jail inmate who subsequently died. Moy v. County of Cook, 1994, 203 Ill.Dec. 776, 159 Ill.2d 519, 640 N.E.2d 926, rehearing denied.

County sheriff was not "agent" of county as regards his operation, staffing and administration of county jail, so that county could not be held vicariously liable for acts and omissions of sheriff in performing such duties, where county had no authority or control in such areas, which were committed to authority of county sheriff, and for which sheriff answered only to electorate. Moy v. County of Cook, App. 1 Dist.1993, 185 Ill.Dec. 131, 244 Ill.App.3d 1034, 614 N.E.2d 265, appeal allowed 190 Ill.Dec. 893, 152 Ill.2d 562, 622 N.E.2d 1210, affirmed 203 Ill.Dec. 776, 159 Ill.2d 519, 640 N.E.2d 926, rehearing denied.

### 125/21. Imprisonment in another county; expenses; reimbursement of county

§ 21. Whenever a prisoner is committed to the jail of one county for a criminal offense committed or charged to have been committed in another, or is transferred to another county for safekeeping or trial, the county in which the crime was committed, or charged to have been committed, shall pay the expenses of the keeping of such prisoner. In civil suits, the plaintiff or defendant shall pay the expenses, in the same manner as if the imprisonment had taken place in the same county where the suit was commenced.

The County Board of the county in which the crime was committed, may require convicted prisoners transferred from such county to reimburse the county for the expenses incurred by their incarceration to the extent of their ability to pay for such expenses. The State's Attorney of the county which incurred the expenses, if authorized by the County Board, may institute civil actions in the circuit court of such county to recover from such convicted confined persons the expenses incurred by their confinement. Such expenses recovered shall be paid into the county treasury.

P.A. 83-1073, § 21, eff. July 1, 1984.
Formerly Ill.Rev.Stat.1991, ch. 75, ¶ 121.

### 125/22. Grand jury; visitation; report

§ 22. It shall be the duty of the grand jury, or a committee of not less than three of its members, at least once every twelve months, to visit the jail and examine its condition and the treatment of the prisoners, and make report thereof to the court and particularly whether any of the provisions of this Act have been violated or neglected, and the causes of such violation or neglect. In counties where twelve months have passed since the the last grand jury term, the chief judge of the Circuit Court shall appoint a committee of citizens to visit the jail, examine its condition and treatment of prisoners and make a report.

P.A. 83-1073, § 22, eff. July 1, 1984.
Formerly Ill.Rev.Stat.1991, ch. 75, ¶ 122.

**Law Review and Journal Commentaries**

Cook County grand jury. Harold S. Russell, 43 Chi.B.Rec. 9 (1961).

medical benefit programs available

I'm keeping pink copy since all of my other grievances are being returned to me in Div-9

Original copy for Appointed Judge

Part-A / Control #: _____X_____

Referred To: __CHief__

X Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: (AKA) WORTHEM / SCOTT       First Name: JAMES / David

ID #: 2007-0071905   Div.: 9   Living Unit: 2-G   Date: 1/11/08

**BRIEF SUMMARY OF THE COMPLAINT:** This Co-payment for services per Hospital visit is in Direct violation of my civil Rights, constitutional administrative code and statutory rights. per 730 ILCS 125/20 Expenses paid for the Medical and Hospitalization Shall be paid for by the County for pre-trial Detainees, the board May require "Convicted prisoners confined in its Jail to reimburse the county for the expenses incurred by their Incarceration to the extent of their ability to pay for such expenses. Since Cpt Kelly stole Money from Detainee welfare fund. MR. Dart is trying to put it back in by Stealing our Money to cover up illegal Acts. *Counties do not possess the power to authorize a sheriff to seize a prisoners commissary account to re-imburse the county for Medical expenses incurred on prisoners behalf!

**NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:**
Sheriff Tom Dart, Director Gopinez, Detainees on compound,

**ACTION THAT YOU ARE REQUESTING:** Take Down all the illegal Documents pertaining to this! That all Detainees Get back their Money illegally taken and I am Suing on State and federal Grounds. Relief for $5 Million Dollars!

**DETAINEE SIGNATURE:** James Worthem (AKA) David Scott

**C.R.W.'S SIGNATURE:** _[signature]_       **DATE C.R.W. RECEIVED:** 1/11/08

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

*Please Note :*
- If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.
- When processed as a request, an appeal of the response and/or action taken cannot be made.
- When processed as a request, PART-B is not applicable.

Detainee's Last Name: **Worthem**   First Name: **James**

ID#: **20070079205**   Div: **9**   Tier/LivingUnit: **2G**

Date of Request: **1/11/08**   Date C.R.W. Received Request: **1/11/08**

This request has been processed by: _____ C.R.W.

**Summary of Request:**

Detainee alleges that payment for service for hospital visit is in direct violation of his civil + constitutional rights

**Response and/or Action Taken:**

Action requested cannot be granted through the Grievance procedure

_____ - _____   Date: __/__/__   Div./Dept._____
(Print- name of individual responding)   (Signature of individual responding)

( WHITE COPY – PROG. SERV. CENTRAL OFFICE )   ( YELLOW COPY – C.R.W. WEEKLY PACK )   ( PINK COPY – DETAINEE )

ORIGINAL COPY
FOR Judge
(Appointed)

Part-A / Control #: _____X_____

Referred To: _____

☐ Processed as a request.

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: (AKA) SCOTT Worthem       First Name: (AKA) David JAMES

ID #: 2007-0071905   Div.: 9   Living Unit: 3H   Date: 2/17/08

BRIEF SUMMARY OF THE COMPLAINT: 8 Amendment violation 14th Amend violations and Extortion! This Co-payment for services per hospital visit that is posted on Memos on everywing throughout the compound is in direct violation of my civil rights, constitutional, Administrative code and Statutory Rights. per 730 ILCS 125/20 expenses paid for the Medical and Hospitalization Shall be paid for by the county for pre-trial detainees, the board may require for "Convicted prisoners confined in its Jail to reimburse the county for the expenses incurred by their incarceration to the extent of their ability to pay for such expenses. Since Captain Kelly stole money from Detainee welfare fund. MR. Tom Dart and Director Salvador Godinez is committing an Illegal act by stealing our money to cover up illegal Acts of their staff. Counties Do not possess the power to authorize a sheriff to seize a prisoners commisary account to reimburse the County for Medical expenses incurred on prisoners behalf.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
Sheriff Tom Dart, Director Salvador Godinez, Detainees on compound

ACTION THAT YOU ARE REQUESTING: Take down the illegal Memos off each wing on compound, Detainees Get back their money and I'd file both State and Federal suits for this civil rights violation.

DETAINEE SIGNATURE: James Worthem (AKA) David Scott

C.R.W.'S SIGNATURE: _____     DATE C.R.W. RECEIVED: 02/21/08

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

PART – C

**C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST**

*Please Note :*
- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

Detainee's Last Name: (AKA) WORTHEM Scott   First Name: (AKA) James David

ID#: 2007-0071905   Div: 9   Tier/Living Unit: 3H

Date of Request: 2/7/08   Date C.R.W. Received Request: 2/21/08

This request has been processed by: _____ C.R.W.

Summary of Request:
Detainee request information and rules regarding authorization to take money from Detainee's for various services.

Response and/or Action Taken:
Denied

_____ - _____   Date: __/__/__   Div./Dept. ____
(Print- name of individual responding)   (Signature of individual responding)

( WHITE COPY – PROG. SERV. CENTRAL OFFICE )   ( YELLOW COPY – C.R.W. WEEKLY PACK )   ( PINK COPY – DETAINEE )