# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1512 | **DATE** | April 14, 2008 |
| **CASE TITLE** | James M. Worthem (#2007-0071905) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. The Court orders the trust fund officer at Cook County Jail to deduct $ 1.20 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to make further deductions as stated below. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.
Mailed AO450 form

## STATEMENT

    Plaintiff, James M. Worthem, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.20 pursuant to 28 U.S.C. §1915(b)(1). The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff alleges that officials at the Cook County Department of Corrections posted a memo throughout the jail informing inmates that a co-payment for hospital and/or doctor services would become effective on December 1, 2007. He claims that if an indigent, such as himself, could not pay, then the funds would be confiscated from the inmate's trust fund account as it became available. Plaintiff contends that this violates his Eighth Amendment rights because he would be denied proper medical attention if he did not have the fee or it would be illegally confiscated from his account. Plaintiff seeks $15 million in damages.

Plaintiff sent in a number of exhibits with his complaint, including the memo at issue. The second paragraph reads:

> Effective December 1, 2007, detainees will be required to pay a $10.00 per visit Hospitalization Fee for all transports to outside hospitals, clinics or any other medical facility for health care services.

It appears that the co-payment is applicable only when an inmate has to be transported outside of the jail for treatment, not for medical treatment at the jail. Moreover, it does not appear that medical care was conditioned on Plaintiff's ability to pay for it, *see Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment), or that he was denied necessary medical care because of inability to pay the fee. *See also Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D. Ind.1996) (same); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D. Ind.1995), *aff'd*,116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).